UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JOHN CHARLES KENNEY, | ) | |
| | ) | Civil No. 6:17-116-GFVT |
| Petitioner, | ) | |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| J. RAY ORMOND, Warden, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

John Charles Kenney is a federal inmate confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky. Proceeding *pro se*, Kenney has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the manner in which the Bureau of Prisons ("BOP") is executing his sentence. [R. 1.] In his petition and related filings, Kenney argues that the BOP has improperly calculated his release date because it is not giving him credit for seventeen months that he spent in custody from November 5, 1991, until March 23, 1993. [R. 1; R. 1-1 at 3, 7.] Kenney requests to be released from custody immediately. [R. 1.] Kenney has also filed motions to expedite consideration of his petition. [R. 3; R. 8.]

Kenney's sentence has a long, complicated history that dates back to 1991 and involves multiple sentences imposed in different cases by United States District Courts in the Western District of Pennsylvania (*United States v. Kenney*, 91-cr-138 (W.D. Pa. 1991)), the Middle District of Pennsylvania (*United States v. Kenney*, 1: 92-cr-22-WWC-1 (M.D. Pa. 1992); *United States v. Kenney*, 4:99-cr-280-MWB-1 (M.D. Pa. 1999)), and the Eastern District of Virginia (*United States v. Kenney*, 1:92-cr-142-TSE-1 (E.D. Va. 1992)). [*See* R. 1; R. 1-1.]

On April 12, 2017, Kenney was re-sentenced in one of these cases in the United States District Court for the Middle District of Pennsylvania after the Court granted Kenney's motion for Writ of *Audita Querela*. *United States v. Kenney*, 4:99-cr-280-MWB-1 (M.D. Pa. 1999) [Docket Entry Nos. 187; 188; 196.] In that April 12, 2017, Amended Judgment, the Honorable Matthew W. Brann sentenced Kenney to be imprisoned for a total term of fifteen (15) months, to "run consecutive to any sentence he is now serving." *Id*. [Judgment, Docket Entry No. 196 at 2.]

Kenney does not challenge the length of the sentence imposed by Judge Brann in April 2017, nor does he take issue with Judge Brann's order that this sentence is to run consecutive to any sentence Kenney was serving on the date the sentence was imposed. Rather, what Kenney appears to be challenging is the BOP's calculation of the start date for the sentence imposed by Judge Brann in April 2017. According to the copy of the Sentence Monitoring and Computation Data sheet from the BOP's Designation and Sentencing Computation Center submitted by Kenney, the BOP calculates that Kenney's projected release date for the sentence he is now serving as a result of the sentences imposed in Kenney's other criminal cases (and, accordingly, the sentence that Kenney was serving when he was sentenced by Judge Brann in April 2017) is June 18, 2017. [R. 1-1 at p. 4.] Thus, as Judge Brann ordered Kenney's sentence in 4:99-cr-280-MWB-1 to run consecutive to "any sentence he is now serving," the BOP has computed the start date for Kenney's fifteen-month sentence imposed in 4:99-cr-280-MWB-1 to be June 18, 2017, with a projected statutory release date of August 1, 2018.

According to Kenney, the BOP's calculation of his projected release date for the sentence he is now serving is in error, as it fails to give him credit for seventeen months that he was imprisoned from November 5, 1991 to March 23, 1993, while he was in detention awaiting his sentence in the United States District Court for the Eastern District of Virginia. [R. 1; R. 7 at 4.] Kenney's argument appears to be that, if this seventeen-month credit is applied to the sentence

2

he is currently serving, his release date for his current sentence would have been seventeen months prior to June 18, 2017 (or approximately January 18, 2016). Thus, the time that he has served from January 18, 2016 until the present should be applied to the 15-month sentence imposed by Judge Brann on April 12, 2017. Under this theory, the sentence would have been satisfied and Kenney should have been released on approximately April 18, 2017, six days after the sentence was imposed.

The Court conducts an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Kenney's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts Kenney's factual allegations as true and construes all legal claims in his favor. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). However, after reviewing the § 2241 petition, the Court must deny it as Kenney candidly admits that he has failed to pursue, much less exhaust, his administrative remedies.

Before a prisoner may seek habeas relief under section 2241, he must exhaust his administrative remedies within the Bureau of Prisons. *See Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Campbell v. Barron*, 87 F. App'x 577, 577 (6th Cir. 2004). The purpose of the exhaustion requirement is to ensure that the agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy. The requirement also ensures that a court reviewing the agency's final action does so upon a developed and complete evidentiary record.

3

*Noriega-Lopez v. Ashcroft*, 335 F. 3d 874, 881 (9th Cir. 2003); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996).

The requirement that administrative remedies be exhausted prior to filing suit mandates that those remedies must be exhausted properly and within the time frames required by the remedy process. *Woodford v. Ngo*, 548 U.S. 81, 92-94 (6th Cir. 2006). The BOP has established a three-tiered Administrative Remedy Program whereby an inmate may progressively redress grievances at the institutional, Regional, and Central Office (national) levels. *See generally* 28 C.F.R. § 542.10, *et seq.*[4]

Exhaustion is an affirmative defense; thus a court may not deny a habeas petition upon initial screening merely because the petitioner "fail[s] to plead or attach exhibits with proof of exhaustion" to his or her petition. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Here, however, Kenney freely admits in his petition that he has failed to pursue his administrative remedies through the BOP, stating that "[t]he Administrative Remedy process would be 'futile' at this point, because I'm currently two-months OVER my sentence. Futility exception in existence." [*See* R. 1 at 7.]

The case law is clear and uniform that where such a defect is apparent from the pleading itself, the petition may be dismissed without prejudice upon initial review. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (explaining a district court can dismiss a complaint *sua sponte* when it

---

[4]After the inmate has attempted to resolve his respective matter of concern informally, an initial request is made to the Warden at the institution level. If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director within twenty days of receiving the Warden's response. *See* 28 C.F.R. § 542.15. If he is dissatisfied with the Regional Director's response, he may appeal to the General Counsel in the BOP's Central Office, Washington, D.C., within thirty days of receiving the Regional Director's response. *Id*. The Administrative Remedy Program allows an inmate to seek formal review of an issue relating to any aspect of his or her confinement, to include appeals of disciplinary decisions by the Discipline Hearing Officer ("DHO"). 28 C.F.R. § 542.10. An appeal from a DHO decision does not require an initial filing at the institutional level and is initially submitted to the Regional Director for the region where the inmate is located at the time of filing. 28 C.F.R. § 542.14(d)(2).

is apparent from the face of the complaint that claim is barred by affirmative defense); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (noting that, where a complaint made clear that the prisoner failed to exhaust administrative remedies, the district court may dismiss the complaint *sua sponte* for failure to state a claim); *Fletcher v. Myers*, No. 5:11-141-KKC, 2012 WL 1802618, (E.D. Ky. May 17, 2012), *aff'd*, No. 12-5630 (6th Cir. Jan. 4, 2013) ("Because Fletcher's failure to exhaust, or to attempt to exhaust, administrative remedies is apparent from the face of his complaint, the district court properly dismissed Fletcher's complaint on that basis."); *Smith v. Lief*, No. 10-08-JMH, 2010 WL 411134, at *4 (E.D. Ky. Jan. 27, 2010); *Gunn v. Ky. Dept. of Corrections*, No. 5:07CV-P103-R, 2008 WL 2002259, at *4 (W.D. Ky. May 7, 2008); *Deruyscher v. Michigan Dept. of Corrections Health*, No. 06-15260-BC, 2007 WL 1452929, at *3 (E.D. Mich. May 17, 2007).

In his petition, Kenney states that it would futile to exhaust his administrative remedies because he should have already been released. Kenney then states that the futility of exhausting his administrative remedies is reflected in the copy of a Sentence Monitoring and Computation Data sheet from the BOP's Designation and Sentencing Computation Center that he submits with his petition. [*Id*.]. It is true that the judicially-crafted exhaustion requirement applicable to habeas petitions asserted under section 2241 is subject to certain equitable exceptions. However, the "futility" exception upon which Kenney relies applies only in certain, narrowly-defined, circumstances. Specifically, a court may waive the exhaustion requirement as futile where there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider." *Colton v. Ashcroft*, 299 F. Supp. 2d 681, 689-90 (E.D. Ky. 2004) (*citing James v. United States Dept. of Health & Human Servs.*, 824 F.2d 1132, 1139 (D.C. Cir. 1987)).

Here, the only evidence in the record regarding the BOP's position on Kenney's sentence calculation is the copy of the Sentence Monitoring and Computation Data sheet from the BOP's Designation and Sentencing Computation Center submitted by Kenney. [R. 1-1.] Although this Data Sheet shows the results of the BOP's sentencing calculations with respect to Kenney's multiple sentences, it provides no details or explanations that would provide the Court with any insight as to the rationale underlying the BOP's computations. There is simply nothing in the record that supports an argument that the BOP has a "strong position" on the issue of the calculation of Kenney's sentence, *see Colton*, 299 F. Supp. 2d at 690, or that the BOP is unwilling to reconsider its current position. Thus, there is no evidence to support a finding that Kenney's pursuit of his available administrative remedies would be futile.

This case underscores the importance of one of the core values that the exhaustion requirement is designed to serve: ensuring that the Court has an adequate record before it to review the agency action in question. *See Woodford*, 548 U.S. at 89; *Fazzini*, 473 F.3d at 232. Without a full administrative record explaining the BOP's actions and the reasons therefor, the Court lacks an adequate evidentiary basis upon which to review the claims asserted in the petition.

Although the Court is aware of Kenney's sense of urgency based on his belief that he should be immediately released from prison, it would be unwise for the Court to proceed uninformed and on an undeveloped record. Although Kenney's exigency may have been triggered by Judge Brann's recent reduction of one of his sentences, this reduction had no impact on the BOP's calculation of Kenney's projected release date for Kenney's previously imposed sentences. Here, the credit to which Kenney claims he is entitled was allegedly served from November 5, 1991, until March 23, 1993. Kenney provides no explanation regarding why he was unable to challenge this portion of his sentencing calculation earlier. Although it is

6

unfortunate that Kenney waited until the last minute, his delay in raising this challenge is not grounds for the Court to ignore proper procedure and act without being fully informed.

Because Kenney admits that he has filed his petition before pursuing his administrative remedies with the BOP, the Court will deny the petition as prematurely filed. This denial is without prejudice to Kenney's right to file a new petition, and necessarily does not reach the merits of his claims.

Accordingly, the Court hereby **ORDERS** as follows:

1. The petition for a writ of habeas corpus pursuant to 18 U.S.C. § 2241 filed by John Charles Kenney [R. 1] is **DENIED WITHOUT PREJUDICE**;

2. The motions to expedite the habeas corpus proceeding [R. 3; R. 8], as well as Kenney's other related filings [R. 13], are **DENIED AS MOOT**;

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

4. Judgment shall be entered contemporaneously with this Order.

This the 28th day of June, 2017.

Gregory F. Van Tatenhove
United States District Judge