UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

JOHN CHARLES KENNEY,                )
                                    )
            Petitioner,             )           Civil No. 6:17-116-GFVT
                                    )
V.                                  )
                                    )           **MEMORANDUM OPINION**
J.  RAY ORMOND, Warden,             )                   **&**
                                    )               **ORDER**
            Respondent.             )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner John Charles Kenney is a federal inmate confined at the United States

Penitentiary - McCreary in Pine Knot, Kentucky.  Proceeding *pro se*, Kenney has filed a motion

under Federal Rule of Civil Procedure 59(e) [R. 18], seeking reconsideration of the Court's June

28, 2017 Memorandum Opinion & Order [R. 15] in which the Court denied his 28 U.S.C. § 2241

habeas petition.  [R. 1.]  Kenney has also filed an Emergency Motion for Expedited Review [R.

17] and Motion to Amend or Supplement his § 2241 Petition [R. 19].

In his § 2241 habeas petition, Kenney requested to be released from custody

immediately, arguing that the Bureau of Prisons ("BOP") has improperly calculated his release

date because it is not giving him credit for seventeen months that he spent in custody from

November 5, 1991, until March 23, 1993.  [R. 1; R.  1-1 at 3, 7.]  The Court denied Kenney's

petition based on Kenney's admissions that he failed to pursue, much less exhaust, his

administrative remedies.  [R. 15 at 3-4.]  The Court considered Kenney's argument that pursuit

of his administrative remedies would be futile (1) because he should have already been released

and (2) because the BOP has indicated a "strong" position on the issue of his sentence that it was

unwilling to reconsider.  [R. 15 at 5-6.]  However, the copy of a Sentence Monitoring and

Computation Data sheet from the BOP's Designation and Sentencing Computation Center

submitted with Kenney's petition was insufficient to indicate that the BOP has evidenced a strong position on Kenney's sentence together with an unwillingness to reconsider. [*Id.*] As there was nothing in the record to support Kenney's argument that his pursuit of his available administrative remedies would be futile, Kenney's petition was denied without prejudice as prematurely filed. [*Id*. at 5-7.]

A court may grant relief under Rule 59(e) only where there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Am. Civil Liberties Union of Ky. v. McCreary Cnty., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010). Kenney's motion does not satisfy any of these criteria. Instead, it merely presents the same grounds for relief asserted in his original petition. [R. 18.]

Although Kenney's motion purports to present further explanation of his reasons for not pursuing his administrative remedies, he simply re-states his previous argument that exhausting his remedies would be futile in light of the BOP's predetermination of his sentence. [R. 18 at 1-2.] The Sentencing Monitoring and Computation Data sheet that Kenney provides in support of his argument does not help his case. The sheet simply shows the BOP's current calculation of Kenney's sentence; it gives no indication of the BOP's position on Kenney's arguments that its calculations are incorrect. Therefore, despite Kenney's recent filings, the Court finds he has still failed to show that the BOP has taken such a strong position on his sentence that it is unwilling to reconsider its calculation and that, therefore, exhaustion would be futile.

Moreover, Kenney's argument that the Court erred in dismissing his petition without requiring a response from the respondent is without merit. The Court has authority to screen § 2241 petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2243 and to deny petitions without requiring a response "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United

States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Here, Kenney admits in his petition that he did not pursue, much less exhaust, his administrative remedies. [R. 1 at 7-8.] In light of this, a response from the respondent was not required prior to dismissal. *See Shah v. Quintana*, No. 17-5053 at 3-4 (6th Cir. Jul. 7, 2017) (explaining that although a district court may not sua sponte dismiss a §2241 petition at the screening stage for failing to plead exhaustion or failure to attach exhibits with proof of exhaustion, the court *may* sua sponte dismiss a § 2241 petition where lack of exhaustion is apparent from the face of the pleading).

Where a party simply disagrees with a district court's conclusions, the appropriate vehicle for relief is appeal, not a motion to alter or amend a judgment. *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (explaining a motion to alter or amend judgment is not vehicle for obtaining post-judgment re-argument on issues already decided). Because Kenney has failed to satisfy the requirements for relief under Rule 59(e), the Court will deny his motion to reconsider.

In light of the fact that Kenney's motion to reconsider must be denied, Kenney's Emergency Motion for Expedited Review [R. 17] will be denied as moot. Additionally, Kenney's remaining motions, including the Motion to Amend or Supplement 2241 Petition [R. 19]; Second Emergency Motion [R. 24]; Motion for Preliminary Injunction [R. 25]; and Third Emergency Motion [R. 26] merely re-state the arguments set forth in Kenney's initial § 2241 petition and the subsequent motion to reconsider. Because the motions are duplicative, they will also be denied.

Accordingly, the Court hereby **ORDERS** as follows:

1. Kenney's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) [R. 18] is **DENIED** for the reasons set forth in this opinion;

2. Kenney's Emergency Motion for Expedited Review [R. 17] is **DENIED AS MOOT**; and

3. Kenney's remaining motions [R. 19; R. 24; R. 25; R. 27] are **DENIED** as duplicative in light of Kenney's prior filings.

This the 29th day of August, 2017.

Gregory F. Van Tatenhove
United States District Judge